## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| AMERICA'S HEALTH & RESOURCE CENTER, LTD., an Illinois Corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) |
| Plaintiff, | ) ) Case No. 16-cv-05608 |
| v. | ) ) Judge Ronald A. Guzman |
| SARATOGA DIAGNOSTICS, INC., THOMAS G. PALLONE and JOHN DOES 1-12, | ) ) ) ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION TO ENTER A DEFAULT JUDGMENT

Pursuant to Fed. R. Civ. 55 (b) (2), America's Health & Resource Center, Ltd. ("Plaintiff"), respectfully requests that this Court enter judgment in the total amount of $4,500.00 against defendants Saratoga Diagnostics, Inc. and Thomas G. Pallone (collectively "Defendants") jointly and severally, and in Plaintiff's favor. Plaintiff also requests that the Court enter an order enjoining Defendants from further transmitting unsolicited facsimile advertisements to Plaintiff. In support, Plaintiff states the following:

### BACKGROUND

1.      On May 26, 2016, Plaintiff filed this action against Saratoga Diagnostics, Inc. ("Saratoga") to secure redress for the transmission of unsolicited fax advertisements to Plaintiff and others, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). ECF 1.

1

2.     On July 12, 2016, the summons and a copy of the class action complaint were served on Saratoga. ECF 7.

3.     Saratoga did not file a responsive pleading to Plaintiff's complaint, nor file an appearance or otherwise communicate with Plaintiff or its counsel.

4.     On August 24, 2016, Plaintiff filed a motion for leave to amend the complaint and to conduct discovery, which was granted. ECF 8 and 11.

5.     Plaintiff filed its Amended Class Action Complaint on August 29, 2016, adding Thomas G. Pallone ("Pallone") as an individual defendant, and alleging that he actively participated in the scheme to send the subject unsolicited fax advertisements to persons without first obtaining their express permission in that he drafted the subject faxes, actively participated in determining where the subject faxes would go, and actively participated in transmitting the subject faxes. ECF 12.

6.     On October 19, 2016, Pallone was served with the summons and copy of Plaintiff's Amended Class Action Complaint. ECF 19.

7.     Defendants never responded to Plaintiff's Amended Class Action Complaint, nor filed an appearance or otherwise communicated with Plaintiff or its counsel.

8.     On June 13, 2017, the Court entered an order of default against Saratoga and Pallone. ECF 45.

## JURISDICTION AND VENUE

9.     Plaintiff is an Illinois corporation with its principal place of business in Cook County, Illinois. ECF 12 at ¶ 5.

2

10. Saratoga is a California corporation with is principal place of business in Saratoga, California. *Id.* at ¶ 6. Pallone is a resident of Santa Clara County, California. *Id.* at ¶ 6.

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as Plaintiff's claims arise under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *Id.* at ¶ 9.

12. Personal jurisdiction exists over Defendants in Illinois because Defendants have transacted business and committed tortious acts within the State. *Id.* at ¶¶ 10, 12-20.

13. Venue is proper in the Northern District of Illinois because Defendants sent three unsolicited fax advertisements to Plaintiff in this district. *Id.* at ¶¶ 11-20.

## DAMAGES

14. Plaintiff requests that the Court enter a default judgment against the Defendants jointly and severally, and in Plaintiff's favor, for $4,500.00. This amount is consistent with the amount demanded in Plaintiff's Amended Class Action Complaint. ECF 12.

15. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54 (c).

16. The TCPA prohibits the "use [of] any telephone facsimile machine … to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1). A person or entity may bring "an action to recover for actual monetary loss for such violation, or to receive $500 in damages for each such violation, whichever is

3

greater." 47 U.S.C. § 227(b)(3)(B).

17.    If the Court finds the advertisements were sent knowingly or willfully, then the Court can treble the damages. *Id.*

18.    The Communications Act of 1943—of which the TCPA is a part—defines the term "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[ ], rule or regulation." 47 U.S.C. § 312 (f) (1). *See Sengenberger v. Credit Control Services, Inc.*, No. 09 C 2796, 2010 WL 1791270, *6 (N.D. Ill. May 5, 2010) (Zagel, J.) (*citing Dubsky v. Advanced Cellular Communications, Inc.,* No. 2008 cv 00652, 2004 WL 503757, at *2 (Ohio Com. Pl. Feb. 24, 2004)).

19.    Here, Defendants willfully sent to Plaintiff three unsolicited fax advertisements that violated the TCPA. ECF 12 at ¶¶ 2, 3, 13, 36 and Exhibits A-C attached thereto. The three faxes sent to Plaintiff advertised Defendants' goods, products or services. *Id.* at ¶¶ 14-15, Exhibits A-C attached thereto.

20.    Defendants actively participated in the scheme to send the subject unsolicited fax advertisements to Plaintiff. *Id.* at ¶¶ 19 and 43.

21.    Plaintiff did not expressly invite or give permission to anyone to send the three unsolicited fax advertisements to it. *Id.* at ¶ 17. Defendants also did not have an established business relationship with Defendants. *Id.* at ¶ 44.

22.    Plaintiff requested that the Court treble the amount of damages because Defendants' conduct was willful. *Id.* at ¶ ¶ 3, 36 and p. 12.

23.    As a result, a default judgment in the amount of $4,500 ($1,500 for each

of the 3 unsolicited faxes sent to Plaintiff) is appropriate.

<u>INJUNCTION</u>

24.     The TCPA also expressly permits injunctive relief. 47 U.S.C.A. § 227 (b)(3)(a) ("A person or entity may . . . bring in an appropriate court of that State . . . an action based on a violation of this subsection . . . to enjoin such violation.").

25.     Here, as Defendant engaged in a clear violation of the TCPA, injunctive relief is appropriate.

26.     The Court should then enter an injunction prohibiting Defendant from sending unsolicited fax advertisements to Plaintiff that violates the TCPA.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court enter a default judgment jointly and severally against defendants Saratoga and Pallone—and in Plaintiff's favor—in the amount of $4,500.00 and enter an order enjoining Defendants from sending unsolicited advertisements by facsimile to Plaintiff that violate the TCPA.

Respectfully submitted,

AMERICA'S HEALTH & RESOURCE CENTER, LTD., an Illinois Corporation, individually and as the representative of a class of similarly-situated persons,

By: /s/ James M. Smith
    One of its attorneys

Phillip A. Bock
Daniel J. Cohen
James M. Smith
Bock, Hatch, Lewis & Oppenheim
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

## CERTIFICATE OF SERVICE

 The undersigned attorney states that on July 10, 2017, he served a true and correct copy of Plaintiff's Motion for Entry of Default Judgment on the parties listed below by depositing the same in the mail drop box at 134 N. LaSalle St., IL 60602 at or before 4:30 p.m., with proper postage prepaid to the following addresses:

Thomas G. Pallone     Saratoga Diagnostics, Inc. c/o Thomas G. Pallone
12619 Paseo Olivos     12619 Paseo Olivos
Saratoga, CA 95070     Saratoga, CA 95070


        /s/ James M. Smith
        One of Plaintiff's Attorneys